UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BACKWARD HAT CAPITAL MANAGEMENT LLC,<br>TPC MC, LLC d/b/a TRADERS POINT CAPITAL,<br>PHILLIP P. WILLIAMS,<br>DEVIN A. JOHNSON,<br>JOSEPH ANDERSON,<br>BACKWARD HAT CAPITAL FUND LP (Relief Defendant),<br>BHC V LLC (Relief Defendant),<br>KMAP INC. (Relief Defendant),<br>ALLEN JOHNSON GROUP LLC (Relief Defendant),<br>WILLIAM HARVEY GROUP LLC (Relief Defendant),<br>TRADERS POINT CAPITAL FX FUND I LP (Relief Defendant),<br>TPC FX AMF, LP (Relief Defendant),<br>DROPLIGHT LLC (Relief Defendant),<br>WILLIAM CODY HARVEY (Relief Defendant),<br><br>Defendants. | ) | No. 1:26-cv-02482-JPH-TAB<br>*SEALED* |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ASSET FREEZE**

In this sealed case, the United States Securities and Exchange Commission ("Commission" or "SEC") seeks an *ex parte* temporary restraining order and asset freeze order. Dkt. [8]. The SEC's motion for temporary restraining order and asset freeze is **GRANTED** as set forth below.

## I.
## Temporary Restraining Order

The SEC has filed an Emergency Motion for a Temporary Restraining Order, Asset Freeze Order, Order Appointing Receiver, and Other Emergency Relief ("TRO Motion") and supporting papers. The Court, having considered the TRO Motion, the brief in support thereof, the declarations, exhibits and all other documents filed contemporaneously therewith; having reviewed the SEC's complaint and other submissions it has filed in this matter; having considered the arguments of counsel; and having been fully advised of such in the premises, hereby finds as follows:

A. This Court has subject matter jurisdiction over this case and there is good cause to believe it will have personal jurisdiction over Defendants Backward Hat Capital Management LLC ("Backward Hat Capital"), TPC MC LLC d/b/a Traders Point Capital ("Traders Point Capital"), Phillip P. Williams ("Williams"), Devin A. Johnson ("Johnson"), and Joseph Anderson ("Anderson") (collectively, "Defendants") and Relief Defendants Backward Hat Capital Fund LP ("Backward Hat Fund"), BHC V LLC ("BHC V"), KMAP Inc. ("KMAP"), Allen Johnson Group LLC ("Allen Johnson Group"), William Harvey Group LLC ("William Harvey Group"), Traders Point Capital FX Fund I LP ("Traders Point Fund I"), TPC FX AMF, LP ("TPC Fund"), Droplight LLC ("Droplight"), and William Cody Harvey ("Harvey") (collectively, "Relief Defendants").

B. The SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by Defendants. There is good cause to believe that the SEC will ultimately

succeed in establishing that Defendants have engaged and are likely to engage in transactions, practices and courses of business that violate the federal securities laws, as alleged in the complaint.

C. The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, Defendants may, themselves or by directing the actions of others, continue to violate the federal securities laws and may dissipate, conceal, or transfer assets which could be subject to an order of disgorgement with prejudgment interest.

D. This Order is entered without notice being provided to Defendants or Relief Defendants, pursuant to Federal Rule of Civil Procedure 65(b), on the grounds that it has been clearly demonstrated by the SEC that immediate and irreparable injury, loss, or damage may result if Defendants or Relief Defendants received contemporaneous notice of this lawsuit and this Motion, in that there exists a risk that investor funds and recoverable assets may be dissipated and/or documents destroyed.

For these reasons, and pending determination of the SEC's motion for a preliminary injunction, the Court **GRANTS** the SEC's motion for a temporary restraining order as issued in a separate document under Federal Rule of Civil Procedure 65(d).

Because the TRO is issued without notice, it **WILL EXPIRE** fourteen days from the date of entry unless "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).

Under Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

**II.**
**Asset Freeze Order**

The Court, having considered the SEC's motion for asset freeze, hereby further finds as follows:

A. There is good cause to believe that Defendants have obtained money or property from investors as a result of their securities laws violations alleged in the complaint.

B. There is good cause to believe that Relief Defendants received money, property, or other assets obtained from the misconduct alleged in the complaint; that they do not have a legitimate claim to such money, property, or other assets; and it would be inequitable or unjust for them to retain any of it.

C. There is good cause to believe that unless frozen by Order of this Court, assets that otherwise could have been subject to an order of disgorgement and prejudgment interest pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] will be dissipated, concealed, or transferred from the jurisdiction of this Court.

D. An Order freezing assets is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief for the benefit of any investors who may have been harmed by Defendants' conduct.

E. There is good cause to believe that providing notice of these proceedings may result in the dissipation of assets or the compromise of evidence. The SEC's submissions demonstrate that immediate and irreparable

injury, loss, or damage would result if Defendants received contemporaneous notice of this lawsuit and this Motion.

F. Therefore, the SEC's Motion should be, and is, granted as set forth in the separate temporary injunction and asset freeze order.

## III.
## Expedited Discovery

A. Expedited discovery is authorized pursuant to the Federal Rules of Civil Procedure, including Rules 26, 30(a), 33(b), 34(b), 36, and 45. Pursuant to this provision and prior to any preliminary injunction hearing, the Commission may notice the Defendants' and Relief Defendants' depositions, serve written discovery on Defendants and Relief Defendants, and issue subpoenas to third parties. Plaintiff may effect service of such discovery on the Defendants, Relief Defendants, or any third party. Discovery respondents shall respond in writing and/or by producing documents, as appropriate, no later than fourteen (14) calendar days after service.

B. Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by email, facsimile, or overnight delivery. All responses to the SEC's discovery, all discovery and pleadings, and all information to which the SEC is entitled pursuant to the terms of this Order shall be delivered to Alyssa Qualls, Securities and Exchange Commission, Chicago Regional Office, by email (quallsa@sec.gov) or by overnight or messenger courier delivery (Alyssa Qualls, 175 W. Jackson Blvd., Suite 1450, Chicago, Illinois 60604, 312-353-7390).

C. Should Defendants fail to respond to a request for admission by the deadline, the SEC may file a motion seeking an order to have the requests deemed admitted for all purposes in this action.

D. Should Defendants fail to respond to an interrogatory by the deadline, the SEC may file a motion seeking an order to prohibit Defendants from introducing any evidence concerning the subject of the interrogatory for any purpose in this action.

E. Should Defendants fail to produce a responsive document by the deadline, the SEC may file a motion seeking an order to prohibit Defendants from introducing the withheld document for any purpose in this action.

F. Depositions may be taken by remote electronic means.

G. Depositions taken pursuant to this Order shall not impact the number of depositions the SEC may take in regular, non-expedited discovery.

H. Interrogatories issued pursuant to this Order shall not impact the number of interrogatories the SEC may issue in regular, non-expedited discovery.

I. The Court **DENIES** the SEC's request for an immediate accounting as unnecessary at this time. The requested accounting goes beyond maintaining the status quo and can be addressed as part of the discovery process related to proceedings for a preliminary injunction.

## IV.
## Further Proceedings

A. The SEC **SHALL FILE** a status update addressing at least (1) service and discovery, (2) a proposed preliminary injunction briefing schedule, and (3)

the need to set a request for preliminary injunction hearing **by 12:00 p.m. on November 23, 2026**.

B. The SEC **SHALL PROMPTLY CONTACT** the chambers of the assigned Magistrate Judge to request a conference as soon as practicable to address any agreed extensions of the TRO, any discovery issues, whether this case should be unsealed, and the potential for any other agreed relief.

C. The Commission's Emergency Motion is also deemed to be a motion for a preliminary injunction order, and that the Commission is not required to file or serve a separate motion for a preliminary injunction in order to seek the entry of such preliminary relief pursuant to Fed. R. Civ. P. 65.

D. The Court will consider all materials filed by the Commission in connection with its Emergency Motion to have also been filed in connection with the Commission's request for a preliminary injunction hearing. The Commission shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

Service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to email, facsimile, overnight courier, personal delivery, or U.S. mail.

At the Commission's request, the United States Marshal or any other appropriate person retained by the Commission is authorized and directed to make service of process upon Defendants in any district in which Defendants reside, transact business, or may be found.

**SO ORDERED.**

Date: 11/18/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Copy by email:

BeLinda Mathie
Securities and Exchange Commission
mathieb@sec.gov

Alyssa A. Qualls
U.S. Securities & Exchange Commission
quallsa@sec.gov