UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BACKWARD HAT CAPITAL MANAGEMENT LLC *et al.*,<br><br>Defendants. | ) | No. 1:26-cv-02482-JPH-TAB<br>*SEALED* |
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP WILLIAMS *et al.*,<br><br>Defendants. | ) | No. 1:26-cv-02477-JPH-CSW<br>*SEALED* |

**ORDER APPOINTING TEMPORARY RECEIVER**

**WHEREAS** this matter has come before this Court upon motions of the Plaintiff United States Securities and Exchange Commission ("SEC") and Plaintiff Commodity Futures Trading Commission ("CFTC") to appoint a temporary receiver in the above-captioned actions; and

**WHEREAS** the Court has reviewed and considered all filings and materials listed on the docket in both cases; and

**WHEREAS** the Court finds that, based on the record in these

proceedings, including the Court's Orders Granting Temporary Restraining Order and Asset Freezes, there is good cause to appoint a temporary receiver in these actions to take control of and preserve all assets of (1) the defendants in the SEC action—Backward Hat Capital Management LLC ("Backward Hat Capital"), TPC MC LLC d/b/a Traders Point Capital ("Traders Point Capital"), Phillip P. Williams, Devin A. Johnson, and Joseph Anderson (collectively, "SEC Defendants"); (2) the defendants in the CFTC action—Phillip Williams, Devin Johnson, Backward Hat Capital Fund LP, BH Capital Fund I LP, BH Capital Fund III LP, BH Capital Fund IV LP, BHC V LLC, BH Capital Fund VI LP, BH Capital Fund IX LP, Backward Hat Group LLC, BH Capital Fund X LP, BH Capital Fund IX – 2 LP, and Backward Hat Capital Management LLC (collectively, "CFTC Defendants"); (3) the relief defendants in the SEC action—Backward Hat Capital Fund LP ("Backward Hat Fund"), BHC V LLC ("BHC V"), KMAP, Inc. ("KMAP"), Allen Johnson Group LLC ("Allen Johnson Group"), William Harvey Group LLC ("William Harvey Group"), Traders Point Capital Fund FX Fund I ("Traders Point Fund I"), TPC FX AMF, LP ("TPC Fund"), Droplight LLC ("Droplight"), and William Cody Harvey ("Harvey") (collectively, "SEC Relief Defendants"); and (4) the relief defendants in the CFTC action—KMAP, Allen Johnson Group, Harvey, and William Harvey Group (collectively, "CFTC Relief Defendants").

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## I. Definitions

1. For the purposes of this Order, the following definitions apply:

2. The term "**assets**" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property or business, undertaking, or enterprise, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, rights, effects, leaseholds, mail or other deliveries, inventory, checks, notes, crypto assets, securities, accounts (including, but not limited to, bank accounts, accounts at other financial institutions, crypto asset exchange accounts, and crypto asset wallets), credits, receivables, lines of credit, contracts, loans, stock and other ownership interests, financial derivatives (including spot, futures, options, or swaps contracts), insurance policies, retainers held by agents for the provision of professional or other services, and all funds, wherever located, whether in the United States or outside the United States.

3. The term "**record**" encompasses the terms "document" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound and video recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The term "record" also refers to each and every such item in SEC Defendants', CFTC Defendants', SEC Relief Defendants', and CFTC Relief Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the SEC

Defendants, CFTC Defendants, SEC Relief Defendants, and CFTC Relief Defendants; and (ii) all items that SEC Defendants, CFTC Defendants, SEC Relief Defendants, and CFTC Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

## II. Appointment of Temporary Receiver

4. Kevin B. Duff of Rachlis Duff & Peel, LLC is appointed Temporary Receiver, with the full powers of an equity receiver for SEC Defendants, CFTC Defendants, KMAP (owned, managed, and controlled by Williams), Allen Johnson Group (owned, managed, and controlled by Johnson), Traders Point Capital Fund I (managed and controlled by Traders Point Capital and in receipt of Traders Point Capital investors' funds), TPC Fund (in receipt of Traders Point Capital investors' funds), and Droplight (owned, managed, and controlled by Williams and Anderson) and affiliates and subsidiaries owned or controlled by SEC Defendants, CFTC Defendants, KMAP, Allen Johnson Group, Traders Point Capital Fund I, TPC Fund, and Droplight (hereinafter referred to as the "Receivership Defendants"), and of all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (hereinafter, the "Receivership Estate"). The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order.

5. The Temporary Receiver is directed and authorized to accomplish the following:

a. Assume full control of the Receivership Defendants by, where applicable, removing Defendants Williams, Johnson, and Anderson and any officer, independent contractor, employee, or agent of the Receivership Defendants, from control and management of the affairs of the Receivership Defendants as the Temporary Receiver deems appropriate;

b. Take exclusive custody, control, and possession of the Receivership Estate, which includes but is not limited to complete authority to sue for, collect, receive, and take possession of all assets and records of the Receivership Defendants and pool participants or clients of any of Receivership Defendants' business activities whose interests are now held by, or under the direction, possession, custody, or control of, the Receivership Defendants;

c. Take all steps necessary—including but not limited to changing door locks and security systems and retaining exclusive control of all physical, digital, and cryptographic keys—to secure the business and other premises under the control of the Receivership Defendants, including but not limited to premises located at:

| **Premises Address** | **Description** |
|---|---|
| 3501 Walton Way, Kokomo, IN 46902 | Williams's residence;<br>Business address for each entity in the Backward Hat Common Enterprise;<br>Business address for KMAP |
| 9475 Windy Hills Dr., Zionsville, IN 46077 | Johnson's residence |
| 9320 Priority Way W Dr., Indianapolis, IN 46240 | Business address for Allen Johnson Group |
| 10771 Creek Way Zionsville, IN 46077 | Business address for Droplight |

d. Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Estate to prevent an irreparable loss, damage, or injury to any pool participants or investors of any of Receivership Defendants' business activities;

e. Prevent the withdrawal or misapplication of assets entrusted to the Receivership Defendants, and otherwise protect the interests of any pool participants or clients of any of Receivership Defendants' business activities;

f. Manage and administer the Receivership Defendants and the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending

operations, and/or entering into agreements, including but not limited to: (1) the retention and employment of investigators, attorneys or accountants, appraisers, and other independent contractors and technical specialists of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver's firm, to assist, advise, and represent the Temporary Receiver; and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Receivership Defendants;

g. Issue subpoenas or letters rogatory to obtain records pertaining to the Receivership and conduct discovery in this action on behalf of the Receivership Estate;

h. Divert mail and take control of all post office boxes, private or commercial mailboxes, or storage units rented or owned by the Receivership Defendants;

i. Open all mail directed to or received by or at the premises, or post office, or private or commercial mailboxes of the Receivership Defendants; inspect all mail opened prior to the entry of this Order; and determine whether items or information therein fall within the mandates of this Order. In connection therewith, the Receiver is authorized to instruct the United States Postmaster and anyone in

possession or control of a private or commercial mailbox to hold and/or reroute mail directed to any of the Receivership Defendants. In connection therewith, the Receivership Defendants are directed not to open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service;

j. Open one or more bank accounts and deposit all funds of the Receivership Estate in such designated account(s) and make all payments and disbursements from the Receivership Estate from such account(s);

k. Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss. The Receiver shall not be responsible for payment or performance of any obligations of the Receivership Defendants that were incurred by, or for the benefit of, the

Receivership Defendants prior to the date of this Order, including but not limited to any agreements with third party vendors, landlords, brokers, purchasers or other contracting parties;

l. Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories holding funds or other assets of the Receivership Estate; make such written accounts and supporting documentation available to the SEC and CFTC for inspection; and, within sixty days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the Receivership Estate, and otherwise perform the duties mandated by this Order; and

m. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## III. Granting Temporary Receiver Access to Assets and Records

6. Absent Receivership Defendants filing with this Court a motion for relief asserting their respective rights against self-incrimination under the Fifth Amendment, each Receivership Defendant shall, within five business days following the service of this Order:

a. Provide the Temporary Receiver access to all records of the Receivership Estate and all assets of the Receivership Estate held by any bank, other financial or brokerage institution (including any introducing broker, futures commission merchant, or retail foreign exchange dealer), crypto asset exchange, other business entity, or other person that receives actual notice of this Order, by personal service or otherwise, located within or outside the territorial United States by signing any necessary consent forms; provided, however, that to the extent full compliance with this paragraph is not feasible due to a Receivership Defendant being incarcerated, such Receivership Defendant shall provide as much information and assistance as is reasonably possible, and shall timely supplement their response as able;

b. Provide the Temporary Receiver with all available insurance information for both existing and prior insurance policies, including all applications, policies, riders, correspondence, endorsements, claims, and other information. Receivership Defendants are ordered (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Temporary Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies. Any insurance broker, agent, carrier, or

underwriter is specifically ordered by the Court to cooperate with the Temporary Receiver. To the extent full compliance with this paragraph is not feasible due to a Receivership Defendant being incarcerated, such Receivership Defendant shall provide as much information and assistance as is reasonably possible, and shall timely supplement their response as able. The Temporary Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the assets of the Receivership Estate.

7. Absent Receivership Defendants filing with this Court a motion for relief asserting their respective rights against self-incrimination under the Fifth Amendment, Receivership Defendants shall, within two days of service of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords, user identifications, or other necessary information to access all websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial or brokerage institution (including any introducing broker, futures commission merchant, or retail foreign exchange dealer), crypto asset exchange, or firm owned, used, or controlled by the Receivership Defendants or to which any of the Receivership Defendants have access in connection with their business activities and business and personal finances. To the extent full compliance with this paragraph is not feasible due to a Receivership Defendant being incarcerated,

such Receivership Defendant shall provide as much information as is reasonably possible, and shall timely supplement their response as able.

8. Absent Receivership Defendants filing with this Court a motion for relief asserting their respective rights against self-incrimination under the Fifth Amendment, the Receivership Defendants shall, within two days of the service of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of the location, make, and model of all computers, mobile devices, or any other electronic devices owned, controlled, or used by Receivership Defendants in connection with their business activities and business and personal finances; and all passwords, user identifications, or other necessary information to access and use the software contained on such devices. The schedules required by this section shall include the name of the person primarily assigned to use each such device. To the extent full compliance with this paragraph is not feasible due to a Receivership Defendant being incarcerated, such Receivership Defendant shall provide as much information as is reasonably possible, and shall timely supplement their response as able.

## IV. Delivery of Assets and Records to the Temporary Receiver

9. Upon service of this Order, and absent Receivership Defendants filing with this Court a motion for relief asserting their respective rights against self-incrimination under the Fifth Amendment, Receivership Defendants and any other person or entity served with a copy of this Order, shall immediately

or within such time as permitted by the Temporary Receiver in writing, deliver to the Temporary Receiver:

a. Possession and custody of all assets of the Receivership Defendants, wherever situated, within or outside the United States, including those owned beneficially or otherwise;

b. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all financial and accounting records (including balance sheets, income statements, and tax returns), bank and other financial entity records (including monthly statements, trading statements, canceled checks, records of wire transfers, check registers, and all other records evidencing fund balances, transfers, payments, and similar transactions), client lists, and title documents;

c. Possession and custody of all assets belonging to members of the public now held by the Receivership Defendants;

d. All physical, digital, and cryptographic keys, passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants related to their business activities and business and personal finances, including but not limited to, access to the Receivership Defendants' business

premises, means of communication, accounts, computers, mobile devices, any other electronic devices, or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

10. Receivership Defendants and any other person or entity served with a copy of this Order is hereby advised that debts of any kind to any Receivership Defendant shall be paid directly to the Temporary Receiver.

11. Upon service of this Order, and absent Harvey and the William Harvey Group filing with this Court a motion for relief asserting their rights against self-incrimination under the Fifth Amendment, Harvey and the William Harvey Group, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary Receiver in writing, deliver to the Temporary Receiver:

a. Possession and custody of all assets of the Receivership Defendants, wherever situated, within or outside the United States, including those owned beneficially or otherwise;

b. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all financial and accounting records (including balance sheets, income statements, and tax returns), bank and other financial entity records (including monthly statements,

trading statements, canceled checks, records of wire transfers, check registers, and all other records evidencing fund balances, transfers, payments, and similar transactions), client lists, and title documents;

c. Possession and custody of all assets belonging to members of the public that were received by Receivership Defendants and are now held by Harvey and/or the William Harvey Group;

d. All physical, digital, and cryptographic keys, passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants related to their business activities and business and personal finances, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computers, mobile devices, any other electronic devices, or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

**V. Directive to Cooperate with Temporary Receiver**

12. Absent filing with this Court a motion for relief asserting their respective rights against self-incrimination under the Fifth Amendment, the SEC Defendants, CFTC Defendants, SEC Relief Defendants, CFTC Relief

Defendants, and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities provided in this Order, and advising all persons who owe debts to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

**VI. Privilege Considerations**

13. When inspecting records obtained pursuant to this Order, including those contained on computers, mobile devices, or any other electronic devices, the Temporary Receiver must undertake reasonable measures to prevent review of (i) materials that may be subject to the attorney-client privilege and/or other applicable privileges, and/or (ii) other nonbusiness, nonfinancial materials by the Temporary Receiver's attorneys and other staff. Moreover, SEC Defendants, CFTC Defendants, SEC Relief Defendants, and CFTC Relief Defendants (or their counsel) shall promptly contact Temporary Receiver's counsel to assert any claims of privilege (or other legal objections) relating to the contents of any records that are subject to this Order and promptly cooperate with Temporary Receiver's counsel to develop reasonable protocols to identify, isolate, and prevent disclosure of claimed privileged and/or other nonbusiness, nonfinancial materials to the Temporary Receiver's attorneys and other staff.

## VII. Liability of Temporary Receiver

14. No action shall be filed or proceeding commenced against the Temporary Receiver or his retained personnel arising out of or in any way related to this receivership or their duties or work performed in connection with the receivership without obtaining an order from the Court based upon a showing of good cause.

15. Nothing contained in this Order, nor the grant or exercise of any powers provided for herein by the Temporary Receiver shall cause said Temporary Receiver to be considered a past or present owner, operator or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.; the Hazardous Site Response Act ("HSRA"), O.C.G.A. § 12-8-90, et seq.; or incur liability based on ownership or operation of any assets of the Receivership Estate pursuant to any other statutory, regulatory, common law or strict liability theory. Furthermore, to the extent hazardous substances, wastes or constituents are known or discovered to be present upon property of the Receivership Estate, the Temporary Receiver shall not be considered to be in any direct or indirect contractual relationship with any party responsible for such substances, wastes or constituents pursuant to CERCLA and/or HSRA, and shall instead be considered to be acting solely in a "fiduciary capacity" with respect to such assets or property, pursuant to 42 U.S.C. § 107(n) of CERCLA and §12-8-92(7)(C) of HSRA.

16. To the extent permissible by law, this Court shall retain jurisdiction over any action filed against the Temporary Receiver or his retained personnel based upon acts or omissions committed in their representative capacities.

**VIII. Stay on Actions Against the Receivership Defendants**

17. Except by leave of the Court, during the pendency of the receivership ordered herein, the SEC Defendants, CFTC Defendants, SEC Relief Defendants and CFTC Relief Defendants, and all other persons and entities shall be and hereby are stayed—absent leave of this Court—from taking any action (other than the present actions by the SEC and CFTC) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Temporary Receiver, the Receivership Estate, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. Petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendants to be placed in bankruptcy;

b. Commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

c. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting

to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

d. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver;

e. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive

jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates;

Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action, including taking any of the steps referenced above, against the Receivership Defendants. The parties or Temporary Receiver may file a separate motion for a stay of any other ancillary proceedings relating to the Receiver or Receiver Defendants.

## IX. Compensation for Temporary Receiver and Personnel Hired by the Temporary Receiver

18. The Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the receivership estate, or (2) necessary to the administration of the estate. The Temporary Receiver and any personnel hired by the Temporary Receiver, however, shall not be compensated or reimbursed by, or otherwise be entitled to, any funds from the Court or the SEC or CFTC. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than 60 days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation

shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver.

## X. Persons Bound by this Order

19. This Order is binding on any person who receives this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of the SEC Defendants, CFTC Defendants, SEC Relief Defendants, or CFTC Relief Defendants or is in active concert or participation with the SEC Defendants, CFTC Defendants, SEC Relief Defendants, or CFTC Relief Defendants.

## XI. Service of Order and Assistance of United States Marshals Service and/or Other Law Enforcement Personnel

20. Copies of this Order may be served by any means, including via email or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any records or assets of any SEC Defendants, CFTC Defendants, SEC Relief Defendants, or CFTC Relief Defendants, or that otherwise may be subject to any provision of this Order.

21. Alyssa Qualls, BeLinda Mathie, Jeffrey Shank, Brian Fagel, Jonathan Katz, Jake Schmidt, Timothy Tatman, Kristine Rodriguez, Brittne Chiles, Stephen Turley, Thomas Simek, Anthony Biagioli, Christopher Reed, and Charles Marvine, and representatives of the United States Marshals Service, the Federal Bureau of Investigation ("FBI"), and the Internal Revenue Service Criminal Investigation ("IRS-CI") are specially appointed by the Court to effect service.

22. The parties or Temporary Receiver may file a motion for an order requiring the United States Marshal Service, in any judicial district, to assist the Temporary Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate. In addition, the Temporary Receiver is authorized to request similar assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

**XII. Service on the SEC and CFTC**

23. SEC Defendants, CFTC Defendants, SEC Relief Defendants, or CFTC Relief Defendants shall comply with all electronic filing rules and requirements of the U.S. District Court, Southern District of Indiana, Indianapolis Division, and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the SEC and CFTC by delivering a copy to **Alyssa Qualls, Senior Trial Counsel, Division of Enforcement, United States Securities and Exchange Commission, 175 W. Jackson Blvd., Suite 1450, Chicago, IL 60604**, and **Anthony Biagioli, Associate Director, Division of Enforcement, Commodity Futures Trading Commission, 2600 Grand Boulevard, Suite 210, Kansas City, Missouri 64108**, by electronic filing, e-mail (abiagioli@cftc.gov and quallsa@sec.gov), personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the SEC's and CFTC's regular mail.

## XIII. Force and Effect

24. This Order shall remain in full force and effect while the Court's orders granting preliminary injunctive relief under Federal Rule of Civil Procedure 65 remain in effect. Any extension of those orders under Federal Rule of Civil Procedure 65 will apply equally to this order. Any party, interested party, or the Receiver may file a motion to modify this order at any time. This Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**

Date: 11/19/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Anthony Biagioli
U.S. Commodity Futures Trading Commission
2600 Grand Boulevard
Suite 210
Kansas City, MO 64108

Thomas L Simek
U.S. Commodity Futures Trading Commission
2600 Grand Boulevard
Suite 210
Kansas City, MO 64108

BeLinda Mathie
Securities and Exchange Commission
175 West Jackson Boulevard
Suite 1450
Chicago, IL 60604

Alyssa A. Qualls
U.S. Securities & Exchange Commission 175
W. Jackson Blvd.
Ste 1450
Chicago, IL 60604