UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BACKWARD HAT CAPITAL MANAGEMENT LLC, et al.,<br><br>Defendants. | ) | No. 1:26-cv-02482-JPH-CSW<br>*SEALED* |

## ORDER GRANTING PLAINTIFF'S MOTIONS

This matter is before the Court on Plaintiff's *Motion to Maintain Under Seal* at (Dkt. 20) and *Motion to Unseal* at (Dkt. 22).

### I. MOTION TO MAINTAIN UNDER SEAL

"It is beyond dispute that most documents filed in court are presumptively open to the public." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). However, documents containing whole financial account numbers are regularly sealed in accordance with Federal Rule of Civil Procedure 5.2. *Ison v. Atty. Vigo Cty.*, No. 2:25-cv-00111-JPH-MJD, 2025 LX 191148, at *2 (S.D. Ind. Apr. 9, 2025) (citing *Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 U.S. Dist. LEXIS 97239, 2021 WL 2004177, at *2 (S.D. Ind. Apr. 9, 2021)).

Here, Plaintiff filed a proposed Asset Freeze Order at (Dkt. 8-2) which included the last four digits of various "crypto asset wallet addresses." The Court later issued a Temporary Protective Order and Asset Freeze Order which included the same information. (Dkt. 15). In the instant *Motion to Maintain Under Seal*, Plaintiff requests that the Court maintain Docket Nos. 8-2 and 15 under seal and file the redacted version of the Temporary Protective Order and Asset Freeze Order at (Dkt. 20-1) as a separate docket entry. (Dkt. 20).

The Court, having examined the *Motion to Maintain Under Seal* at (Dkt. 20) and finding good cause, now **GRANTS** the same. The Clerk is **DIRECTED** to maintain Docket Nos. 8-2 and 15 under seal. Plaintiff is **ORDERED** to refile the redacted Temporary Protective Order and Asset Freeze Order at (Dkt. 20-1) as a separate entry **within seven (7) days** of this Order.

## II. MOTION TO UNSEAL

On November 18, 2026, the Court entered an Order to maintain this case under seal. (Dkt. 16). Plaintiff was directed to "promptly file an appropriate motion to lift the seal . . . once the risk of dissipation of assets and destruction of evidence has been minimized." (*Id.*). Accordingly, Plaintiff filed the instant *Motion* to unseal the case, except for the documents addressed in its *Motion to Maintain Under Seal* at (Dkt. 20). (Dkt. 22).

Plaintiff's *Motion to Unseal* at (Dkt. 22) is **GRANTED in part** and **DENIED in part as moot**. The *Motion* is **GRANTED** to the extent that the Clerk is **DIRECTED** to unseal this case, subject to the continued sealing of Docket Nos. 8-2 and 15. The *Motion* is **DENIED as moot** to the extent Plaintiff requests relief concerning the continued sealing of those documents addressed in its *Motion to Maintain Under Seal* at (Dkt. 20) which is discussed in Section I above. (*Id.*).

## III. CONCLUSION

Accordingly, Plaintiff's *Motion to Maintain Under Seal* at (Dkt. 20) is **GRANTED**, and Plaintiff's *Motion to Unseal* at (Dkt. 22) is **GRANTED in part** and **DENIED in part as moot**. The Clerk is **DIRECTED** to unseal this case but maintain Docket Nos. 8-2 and 15 under seal. Plaintiff is **ORDERED** to file the redacted version of the Temporary Restraining Order and Asset Freeze Order at (Dkt. 20-1) as a separate docket entry **within seven (7) days** of this Order.

**SO ORDERED.**

Date: November 20, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sarah MacGill Marr
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street
Suite 550
Indianapolis, IN 46204

BeLinda Mathie
Securities and Exchange Commission
175 West Jackson Boulevard
Suite 1450
Chicago, IL 60604

BeLinda I. Mathie
U.S. Securities & Exchange Commission
175 West jackson Blvd
Suite 1450
Chicago, IL 60604

Drew G A Peel
RACHLIS DUFF ADLER PEEL & KAPLAN LLC
542 S. Dearborn St.
Suite 900
Chicago, IL 60605

Alyssa A. Qualls
U.S. Securities & Exchange Commission
175 W. Jackson Blvd.
Ste 1450
Chicago, IL 60604